FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 3 0 2017

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBIN COCHRAN<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE ASSISTED LIVING, LLC, and YOLANDA ALEXIS<br><br>Defendants. | COMPLAINT<br><br>Jury Trial Demanded<br><br>1:17-CV-2471 |

Plaintiff, **ROBIN COCHRAN**, upon personal knowledge, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff worked as an assisted living caregiver in Defendant's assisted living facility for the elderly, based in Ellenwood, Georgia. For her work, Plaintiff was paid no regular wages and no overtime wages, despite working well in excess of 40 hours per week. Since the date of Plaintiff's employment, to the date of this filing, Defendants have not paid any wages to Plaintiff.

2. Plaintiff brings this action to recover unpaid minimum wages and unpaid overtime premium pay, owed to her pursuant to the the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the

1

FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff was employed at Alliance Assisted Living, LLC, located at 4328 Clevemont Road, Ellenwood, Georgia 30294, which is in DeKalb County.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

6. Plaintiff, Robin Cochran, was at all relevant times, an adult individual residing at 375 James P. Brawley, Dr., Atlanta, Georgia, which is in Fulton County.

**Defendants:**

7. Upon information and belief, Defendant Alliance Assisted Living, LLC, is an active Georgia limited liability company. Its principal place of business is located at 4328 Clevemont Road, Ellenwood, Georgia 30294, which is in DeKalb County.

8. Upon information and belief, Defendant Yolanda Alexis is an owner, officer, director and/or managing agent of Alliance Assisted Living, whose address is unknown at this time.

9. Upon information and belief, Alexis sets Alliance Assisted Living's payroll policies, including the unlawful practices complained of herein.

10. Alexis participated in the day-to-day operations of Alliance Assisted Living and acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Alliance Assisted Living.

11. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

12. Upon information and belief, at all relevant times, Alliance Assisted Living has had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

13. Upon information and belief, at all relevant times, Alliance Assisted Living operated an institution primarily engaged in the care of the sick and ages who resided on the premises of the facility, within the meaning of 29 U.S.C. § 203(s)(2).

## STATEMENT OF FACTS

### Defendants' Company

14. At all relevant times, Defendants have been an assisted living facility, with their principal place of business at 4328 Clevemont Road, Ellenwood, Georgia 30294.

15. Upon information and belief, Alexis handles payroll and record keeping for Alliance Assisted Living, is actively involved with the Defendant's day-to-day operations.

16. Plaintiff has seen Alexis on site at Alliance Assisted living at various times throughout her employment.

17. Alliance Assisted Living was incorporated on January 30, 2012, and maintains a process address at 4328 Clevemont Road, Ellenwood, Georgia 30294.

18. Alexis is the registered agent for Alliance Assisted Living, and lists her registered agent address as 4328 Clevemont Road, Ellenwood, Georgia 30294.

### Plaintiff's Work for Defendants

19. Plaintiff Cochran was employed by Defendants as an assisted living caregiver from December 28, 2016 to February 4, 2017 (5 weeks). Her job duties included: Providing medicine, cleaning the facility, and cooking for residents.

20. Plaintiff lived at the Alliance Assisted Living facility, to ensure she could provide round-the-clock care to the residents when needed.

21. Plaintiff worked for defendant 16 hours per day, seven days each week, during her five weeks of employment. This amounts to 112 hours worked per week, consisting of 40 regular hours, and 72 overtime hours.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

22. Plaintiff repeats and realleges each allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

23. Defendants have failed to pay any wages to Plaintiff for her 40 regular hours of work, despite receiving five weeks of work from Plaintiff as an assisted living caregiver. This violates the minimum wage requirements of the FLSA, 29 U.S.C. § 206(a).

24. Defendant's refusal to pay any wages to Plaintiff after obtaining five weeks of work from Plaintiff, can only be categorized as a willful violation of the FLSA.

25. The failure to pay minimum wages has caused Plaintiff to suffer lost of wages and interest thereon. Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES

26. Plaintiff repeats and realleges each allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

27. Defendants have failed to pay any wages to Plaintiff, despite receiving five weeks of work from Plaintiff as an assisted living caregiver.

28. Defendant's have failed to pay Plaintiff overtime wages, at a rate of time-a-half, for her

4

72 overtime hours at Alliance Assisted Living, in violation of the FLSA, 29 U.S.C. § 207(a).

29. Defendant's refusal to pay any wages to Plaintiff after obtaining five weeks of work from Plaintiff, can only be categorized as a willful violation of the FLSA.

30. The failure to pay overtime has caused Plaintiff to suffer lost of wages and interest thereon. Plaintiff is entitled to recover from Defendants her unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid minimum wages due under the FLSA;

d. An award of unpaid overtime wages due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay minimum wages and overtime wages;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

h. Such other and further relief and this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 30, 2017

Respectfully submitted,

*[signature]*

**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, P.C.
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com