IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Robin Cochran,

                                  Plaintiff,

v.

Alliance Assisted Living, LLC, and
Yolanda Alexis

                                  Defendants.

_____/

Case No. 1:17-cv-02471

Michael L. Brown
United States District Judge

## ORDER

Before the Court is Defendant Yolanda Alexis's Motion to Dismiss (Dkt. 11), Plaintiff Robin Cochran's Motion for Leave to File Response to Motion to Dismiss (Dkt. 14), Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss (Dkt. 16), Plaintiff's Motion for Leave to File Motion to Strike (Dkt. 18), and Plaintiff's Motion to Strike. (Dkt. 17).

On June 30, 2017, Plaintiff filed her complaint against Defendant Alliance Assisted Living, LLC and Defendant Yolanda Alexis, seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

On August 14, 2017, Defendant Yolanda Alexis simultaneously filed both the answer, which purports to answer on behalf of both Defendant Alexis and Defendant Alliance Assisted Living, LLC (Dkt. 10), and the motion to dismiss, apparently on her own behalf.  (Dkt. 11).[1]  In her motion to dismiss, Defendant Alexis argues that Plaintiff did not properly serve her.  *Id.*  On September 5, 2017, Plaintiff responded to the motion to dismiss, arguing that she properly served both Defendant Alexis and Defendant Alliance Assisted Living.  And, on September 8, 2017, Plaintiff filed a motion for leave to file a response to the motion to dismiss, asking the Court to accept the response filed on September 5, despite the fact that Plaintiff filed it after the deadline set forth in the Local Rules.  (Dkt. 14).  Defendants did not respond to Plaintiff's motion for leave to file.  On September 27, 2018, Plaintiff filed a supplemental brief in response to the motion to dismiss.  (Dkt. 15).  A day later, Plaintiff filed a motion for leave to file the supplemental brief in opposition to the motion to dismiss.  (Dkt. 16). The supplemental brief and its attachments purport to show that

---

[1] Although the answer and motion to dismiss appear separately on the docket, the filings show that Plaintiff hand-delivered the filings to the Clerk together.

Plaintiff re-served Defendant Alliance Assisted Living via certified mail, thus—Plaintiff contends—mooting the motion to dismiss. *See* Dkt. 15.

On February 7, 2018, Plaintiff filed her motion to strike the answer. (Dkt. 17). Two days later, Plaintiff filed her motion for leave to file the motion to strike. (Dkt. 18). The motion to strike argues that the Court should strike the answer as to Defendant Alliance Assisted Living because as a limited liability company, it may not represent itself pro se. *Id.* Defendants did not respond to either the motion for leave to file motion to strike or the motion to strike.

<u>Plaintiff's Motion to Strike</u>

The Court grants Plaintiff's motion for leave to file the motion to strike as unopposed. (Dkt. 18). Regarding the substance of the motion to strike, it is settled that a limited liability company may not represent itself pro se. *See Nautilus Ins. Co. v. Ejiii Dev. Co.*, Case No. 1:17-cv-2048, 2017 WL 4416832, at *1 (N.D. Ga. Oct. 5, 2017) (finding that corporations and other artificial entities, including limited liability companies, must be represented by counsel). And, where a limited liability company attempts to answer a complaint pro se, such an answer is inappropriate and should be stricken. *See id.* (granting

motion to strike pro se answer filed by corporation).  Because Yolanda Alexis is not a licensed attorney, she cannot represent Defendant Alliance Assisted Living, a limited liability company.  Accordingly, the Court grants the motion to strike the answer as to Defendant Alliance Assisted Living.[2]  (Dkt. 17).  Defendant Alliance Assisted Living shall have twenty-one (21) days from the date of this Order to retain counsel and file an answer to the complaint.

### Motion to Dismiss for Lack of Service on Defendant Alexis

Because Defendant Alliance Assisted Living may not represent itself pro se, the Court will construe the motion to dismiss as challenging service only on behalf of Defendant Alexis.[3]

As a threshold question, the Court considers whether Defendant Alexis waived any objection by filing an answer in which she did not challenge the sufficiency of service.   The Court must liberally construe

---

[2] Defendant Yolanda Alexis may represent herself pro se.  Thus, the Court does not strike the answer as to Defendant Alexis. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to parties conducting their own cases.").

[3] Plaintiff's supplemental brief addresses only service on the limited liability company, an issue not raised by the Motion to Dismiss. Accordingly, the Court denies Plaintiff leave to file her supplemental response.  (Dkt. 16).

pro se filings, but parties proceeding pro se must "nevertheless . . . conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). But, an objection to personal jurisdiction on the grounds of insufficient service is waived if not properly raised. *Id.* "[A] defendant must raise any challenge to the sufficiency of service of process in the *first* response to the plaintiff's complaint; i.e the defendant must include the defense in either its *pre-answer* motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (emphasis added).

In this case, Defendant Alexis did not challenge service in her answer but did so in her motion to dismiss. While the answer appears first on the docket, it was actually filed simultaneously with the motion to dismiss. (Dkts. 10, 11). The Court finds that the simultaneous filings were—together—Defendant Alexis's first response to the

5

complaint. Accordingly, Defendant Alexis did not waive any objection as to the sufficiency of service. *See Pouyeh v. Pub. Health Tr. Of Jackson Health Sys.*, ___ F. App'x ___, 2017 WL 5592268, at *3 (11th Cir. 2017) (noting that objections to service are preserved if raised in the first response to plaintiff's complaint).

Analyzing the sufficiency of service, Fed. R. Civ. P. 4(e) provides that service on an individual may be made in the manner provided for under state law, or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service or process.

Georgia law governing service on an individual mirrors the federal rules. *See* O.C.G.A. § 9-11-4(e)(7).

Plaintiff filed a proof of service as to Defendant Alexis on July 31, 2017. (Dkt. 7). The process server's affidavit states, in relevant part, that he served a Nadia Holmes, a "**Co-habitant** at the address of **4328 Clevemont Road, Ellenwood Ga., 30294**, the within named person's

6

usual place of **Work**, who resides therein, and is a person of suitable age and discretion." (Dkt. 7) (emphasis in original). Defendant Alexis claims this was insufficient, arguing that the complaint should be dismissed "due to paperwork was just dropped on the property address [sic] with a client and nobody signed for it." (Dkt. 11). Construing Defendant Alexis's pro se motion liberally, Defendant Alexis clearly asserts insufficient service of process under Rule 12(b)(5). Having done so, the burden shifts to Plaintiff to show the validity of the service. *See King v. Lumpkin*, Case No. 1:11-cv-0549, 2012 WL 12888676, at *6 (N.D. Ga. Feb 13, 2012) ("[w]hen a defendant challenges service of process, the serving party bears the burden of proving its validity or good cause for failure to effect timely service").

An affidavit of service generally constitutes *prima facie* evidence of valid service. *See Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (finding that sworn affidavit of service, which sets forth facts showing valid service, establishes *prima facie* validity of service). But, that is not the case here. Plaintiff did not serve Defendant Alexis personally, but rather served a "co-habitant" at the Defendant's place of work. Although service of a "co-habitant" at a

defendant's "dwelling or usual place of abode" would generally be sufficient (provided the "co-habitant" was of sufficient age and discretion), the rule does not provide for such service at a defendant's "usual place of work" as was done here.   Although Plaintiff states in her response to the motion to dismiss that Ms. Holmes was an agent authorized by Defendant Alexis to accept service, Plaintiff submits no competent evidence to support that allegation.  *See King*, 2012 WL 12888676, at *3-4 (N.D. Ga. Feb 13, 2012) (considering only evidence of service which had been signed under penalty of perjury).

For the reasons set forth above, Plaintiff has not shown that she properly served Defendant Alexis within 90 days of filing the complaint. Nevertheless, in the light of Plaintiff's statements that she properly served Defendant Alexis, the Court will allow Plaintiff fourteen (14) days from the date of this Order to supplement her response to the motion to dismiss to provide evidence sufficient to demonstrate valid service (rather than unsworn allegations in a pleading) or to show good cause for her failure to serve Defendant Alexis.  If Plaintiff fails to do so, the Court will dismiss Defendant Alexis without prejudice.   The

Court will reserve its ruling on Defendant Alexis's motion to dismiss (Dkt. 11) until the service issue is resolved.

Accordingly, the Court **GRANTS** Plaintiff's unopposed Motion for Leave to File Response (Dkt. 14) *nunc pro tunc*, and considers Plaintiff's response in opposition to the Motion to Dismiss timely filed.  The Court **DENIES** Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss.  (Dkt. 16).   The Court **GRANTS** Plaintiff's Motion for Leave to File Motion to Strike (Dkt. 18) and **GRANTS** the Motion to Strike the Answer as to Defendant Alliance Assisted Living, LLC.  (Dkt. 17).  Further, Court **ORDERS** Plaintiff to show, within fourteen (14) days of this Order, through competent evidence, whether Plaintiff properly served Defendant Alexis or to show good cause for her failure to do so.  Finally, the Court **ORDERS** that Defendant Alliance Assisted Living shall have twenty-one (21) days from the date of this Order to retain counsel and file an answer to the Complaint.

**IT IS SO ORDERED.**

Dated: March 13, 2018
Atlanta, Georgia

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE